UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID ALLEN WOODRUFF, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>GENE L. ISAACS, Sheriff, *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 3:05-CV-607 RM |

OPINION AND ORDER

David Woodruff, a pretrial detainee confined at the Cass County Jail, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO.12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on

> a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Woodruff alleges that the jail medical staff diagnosed him as having a hernia but refused him any medical treatment for his condition. He asked Nurse Denise Harper what they intended to do about his hernia and she replied "nothing." He advised Nurse Harper that the hernia was getting bigger and caused him considerable pain but, according to Mr. Woodruff, the jail staff continued to refuse him medical treatment.

Mr. Woodruff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988).

Mr. Woodruff seeks damages for conditions of confinement at the Cass County Jail while he was held there as a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." Martin v. Tyson, 845 F.2d 1451, 1457 (7th Cir. 1988). A

violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. at 73, 104 S.Ct. 2229. Mr. Woodruff alleges that the defendants refused him any treatment and left him in pain. A hernia in its early stages may not require treatment, but an advanced hernia may constitute a serious medical need requiring treatment. Giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that Mr.

3

Woodruff can prove no set of facts in support of his deliberate indifference claim that would entitle him to relief.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the defendants for damages and for injunctive relief on his Fourteenth Amendment deliberate indifference claim;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the marshals service to effect service of process on the defendants on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: October 28 , 2005

                                                /s/ Robert L. Miller, Jr.
                                                Chief Judge
                                                United States District Court