UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID ALLEN WOODRUFF,           ) | |
|                                 ) | |
|           Plaintiff,            ) | |
|                                 ) | |
|      vs.                        ) | Cause No. 3:05-CV-0607 RM |
|                                 ) | |
| GENE L. ISACCS, Sheriff, *et al.*, ) | |
|                                 ) | |
|           Defendants.           ) | |

OPINION AND ORDER

This case is before the court on David Woodruff's motion for appointment of counsel. There is no constitutional or statutory right to counsel in a civil case. Farmer v. Haas, 900 F.3d 319, 323 (7th Cir. 1993). Under 28 U.S.C. § 1915(d), a court may request an attorney to represent an indigent litigant, but has no authority to compel an attorney to do so. Mallard v. U.S. District Court, 490 U.S. 296 (1989). The decision to appoint counsel is within the sound discretion of district courts, Hossman v. Blunk, 784 F.2d 793, 797 (7th Cir. 1986), and counsel is not generally appointed "unless denial would result in fundamental unfairness, impinging on due process." LaClair v. United States, 374 F.2d 486, 489 (7th Cir. 1967). Courts "recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." DiAngelo v. Illinois Dep't of Public Aid, 891 F.2d 1260, 1262 (7th Cir. 1989). The court should reserve its power to appoint counsel to those cases

> presenting "exceptional circumstances" as determined by an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.

Farmer v. Hass, 990 F.2d at 322 (quotation marks and citations omitted). Thus,

a court may deny counsel in a relatively simple case in which a *pro se* litigant can adequately handle the discovery process and the trial. Lovelace v. Dall, 820 F.2d 223 (7th Cir. 1987). Although a good lawyer may do better than the average person, that is not the test. If it was, district courts "would be required to request counsel for every indigent litigant." Farmer v. Hass, 990 F.2d at 323.

Mr. Woodruff's case does not involve "exceptional circumstances" and is not as complicated as he appears to believe. Mr. Woodruff has essentially one claim of deliberate indifference to a serious medical need against three defendants. Mr. Woodruff is aware of the facts of his case as they are within his personal experience and to date, he has articulated his claims quite plainly and has diligently proceeded with the case.

For the foregoing reasons, the court DENIES the plaintiff's motion for appointment of counsel (docket #44).

SO ORDERED

Dated this 1st Day of December, 2006

 s/Christopher A Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
